**Stephen G. SCHULZ, Petitioner–Appellee,**

v.

**Luis R. MARSHAL, Superintendent, Wallkill Correctional Facility, Respondent–Appellant.**

No. 07–5543–pr.

United States Court of Appeals, Second Circuit.

Sept. 4, 2009.

Glen Green, Assistant District Attorney, of counsel to Thomas J. Spota, District Attorney of Suffolk County, Riverhead, NY, for Appellant.

William E. Hellerstein, The Second Look Clinic, Brooklyn Law School, Brooklyn, N.Y. (Andrew E. Abraham, Esq., and Jane Fox and Rachel Moston, Law Interns, on the brief), for Appellee.

Present: ROSEMARY S. POOLER, Circuit Judge, MARK R. KRAVITZ,*** District Judge.

## SUMMARY ORDER

Luis Marshall, the superintendent of Wallkill Correctional Facility, appeals from a judgment of the district court granting Stephen G. Schulz's 28 U.S.C. § 2254 petition for a writ of habeas corpus. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■ The district court granted the writ based on ineffective assistance of counsel, finding that Schulz's trial counsel had been ineffective in two respects. First, counsel failed to interview Otilia Ruiz, one of only two eyewitnesses to the robbery Schulz allegedly committed. Second, counsel did not call an available alibi witness, Anthony Tralongo. The district court also found that both of these errors prejudiced Schulz. We affirm, holding that the failure to make reasonable efforts to interview Ruiz fell below "an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); "undermine[d] confidence in the outcome" of his trial, thus prejudicing Schulz, *id.* at 694, 104 S.Ct. 2052; and therefore deprived Schulz of his Sixth Amendment right to reasonably effective counsel, *see id.* at 685–86, 104 S.Ct. 2052. Cognizant that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, requires deference to the state courts and allows a federal court to grant a writ of habeas corpus only if it concludes that the state court's adjudication of the

claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), we nonetheless conclude that the New York Court of Appeals unreasonably applied *Strickland* to the facts of this case. We do so not because we have concluded in our independent judgment that the state court reached an erroneous or incorrect conclusion under *Strickland*, but rather because of its unreasonable application of *Strickland* to counsel's failure to interview Ruiz. *See Brisco v. Ercole*, 565 F.3d 80, 87–88 (2d Cir.2009) (discussing the deference owed to state courts under § 2254). Having resolved this case on the basis of counsel's failure to interview Ruiz, we need not reach counsel's failure to call Tralongo.

The Supreme Court has long recognized that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052. "Prevailing norms of practice as reflected in American Bar Association standards and the like are guides to determining what is reasonable, but they are only guides." *Id.* at 688, 104 S.Ct. 2052 (internal citation omitted); *see also Rompilla v. Beard*, 545 U.S. 374, 387, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005) (using an ABA standard to find an investigation inadequate); *Wiggins v. Smith*, 539 U.S. 510, 524, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (same). The relevant standard in effect at the time of Schulz's trial provided:

> Defense counsel should conduct a prompt investigation of the circum-

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

** The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The re-

maining two panel members, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); Local Rule 0.14(2); *United States v. DeSimone*, 140 F.3d 457 (2d Cir. 1998).

stances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to defense counsel of facts constituting guilt or the accused's stated desire to plead guilty.

ABA Standards for Criminal Justice 4–4.1(a) (3d ed.1993).

This was a simple case. There were two eyewitnesses, one alibi witness, and no physical evidence. As pointed out by the dissent in the New York Court of Appeals, Ruiz was the more important of the two eyewitnesses because (1) "[s]he was the one whom the robber held at knifepoint," and (2) the other eyewitness did not view the actual crime although he saw the perpetrator at the scene just prior to the robbery. *People v. Schulz*, 4 N.Y.3d 521, 531–32, 797 N.Y.S.2d 24, 829 N.E.2d 1192 (2005) (Rosenblatt, J, dissenting in part). Under these circumstances, any reasonably competent attorney would have made vigorous efforts to interview Ruiz prior to the trial. Indeed, Schulz's counsel did not claim that he made a strategic decision not to interview Ruiz. Instead he claimed that he tried to interview her but was unsuccessful.

Therefore, the issue before us is the reasonableness of counsel's efforts. Counsel claimed, without explanatory detail, that he "made an effort to find Otilia Ruiz, the main eyewitness, but had difficulty contacting her." He also claimed that on the day Ruiz was scheduled to testify, he asked the prosecutor for permission to interview her and was refused. We conclude that counsel's efforts were not reasonable based in part on the trial court's finding that defense counsel could have "made [an] effort to seek an adjournment or otherwise enlist the court's assistance in securing an opportunity to interview [Ruiz] before she took the stand" and the Appellate Division's conclusion that counsel did not exercise due diligence in attempting to find Ruiz. In addition, the prosecutor denied that defense counsel sought her permission to interview Ruiz. The basis for the New York Court of Appeals' determination that Schulz did not receive ineffective assistance of counsel with respect to Ruiz is not clear. We hold, however, that it would constitute an unreasonable interpretation of Supreme Court precedent for the state courts to have found that counsel's performance with respect to Ruiz was consistent with "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052.

We also hold that the state courts could not reasonably have found that Schulz failed to demonstrate prejudice. Ruiz failed to identify Schulz at trial and when questioned by new counsel after the trial, Ruiz quite definitively identified another man, Anthony Guilfoyle, as the robber. If she had been interviewed by counsel before the trial, she likely would have made the same identification, and her testimony that Guilfoyle committed the robbery would have lent force to her denial that Schulz was the perpetrator. Further, Ruiz's identification of Guilfoyle would have undermined any suggestion that she was too scared or confused to identify Schulz. While certain aspects of Ruiz's testimony might have been impeached, her testimony that the other eyewitness, Anthony Velasquez, attempted to influence her identification and testimony would have added to pre-existing doubts concerning his credibility. For example, armed with the knowledge that Ruiz's police statement might not accurately convey the precise description she sought to provide

to the police, counsel could have clarified what she meant when she said her perpetrator was "very big" and had "rotten teeth." There was no physical evidence in this case and Velasquez—the only witness tying Schulz to the crime—was significantly impeached by his conversation with an investigating officer about a pending gun possession charge and would have been further impeached by the information provided by Ruiz. Under these circumstances, *Strickland* cannot be reasonably applied to find a lack of prejudice. *See* 466 U.S. at 696, 104 S.Ct. 2052 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."); *see also Wilson v. Mazzuca,* 570 F.3d 490, 506–507 (2d Cir.2009) (emphasizing that case against petitioner consisted of a single eyewitness and no physical evidence in holding that state courts could not reasonably have found a lack of prejudice from counsel's ineffective assistance).

Having concluded that the New York Court of Appeals unreasonably applied *Strickland* in determining that counsel's failure to interview Ruiz did not constitute ineffective assistance of counsel, we need not and do not address counsel's failure to call Tralongo. We affirm the judgment of the district court.